UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                                                     :
TEDD NAVARRO, *on behalf of himself and on behalf of*                :
*all other similarly situated individuals*,                          :
                                                                     :
                              Plaintiff,                             :
                                                                     :
              -v-                                                    :        26 Civ. 2861 (JPC)
                                                                     :
OSCAR HEALTH, INC., *et al.*,                                        :
                                                                     :
                              Defendants.                            :
                                                                     :
---------------------------------------------------------------------X
                                                                     :
ELIZABETH JONES, *on behalf of herself and on behalf*                :
*of all other similarly situated individuals*,                       :
                                                                     :
                              Plaintiff,                             :
                                                                     :
              -v-                                                    :        26 Civ. 3008 (JPC)
                                                                     :
OSCAR HEALTH, INC.,                                                  :
                                                                     :        OPINION AND ORDER
                              Defendant.                             :
                                                                     :
---------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Tedd Navarro and Elizabeth Jones ("Plaintiffs"), the plaintiffs in related putative class actions arising from the alleged unauthorized disclosure of personally identifiable information ("PII") and protected health information ("PHI") by Oscar Health, Inc. and Oscar Management Corp. (collectively, "Oscar"), have filed two motions pending before this Court. The first motion seeks consolidation of those two actions pursuant to Federal Rule of Civil Procedure 42(a), while the second seeks appointment of interim co-lead counsel pursuant to Rule 23(g)(3). Both motions are unopposed and are granted.

## I. Background

The two related actions are *Navarro v. Oscar Health, Inc.* ("*Navarro*"), No. 26 Civ. 2861 (JPC) (S.D.N.Y.), and *Jones v. Oscar Health, Inc.* ("*Jones*"), No. 26 Civ. 3008 (JPC) (S.D.N.Y.). Although there are minor differences in the pleadings, the complaints in both actions allege the same basic facts. Plaintiffs allege that they were members of Oscar's health insurance plans when Oscar mailed information containing their PII and PHI to old or incorrect member addresses (the "Data Incident"). *Navarro*, Dkt. 1 ("*Navarro* Complaint") ¶¶ 8-9, 24; *Jones*, Dkt. 1 ("*Jones* Complaint") ¶¶ 21, 98, 101-102. As alleged, Oscar discovered the Data Incident on approximately December 31, 2025, *Navarro* Complaint ¶ 24; *Jones* Complaint ¶ 21, but did not notify Plaintiffs that their information had been disclosed until many weeks later, *Navarro* Complaint ¶ 25 (alleging that Oscar announced the Data Incident on approximately February 27, 2026); *Jones* Complaint ¶¶ 5 (alleging that Oscar began sending individualized notices on approximately April 1, 2026), 101 (alleging that Jones received notice on approximately April 13, 2026). Plaintiffs allege that the Data Incident caused them significant injury, including misuse of their PII, increased risk of harms such as identity theft and theft of PII and PHI, lost opportunity to mitigate harms, and the expenses of mitigating harms and of dealing with future consequences of the Data Incident. *Navarro* Complaint ¶ 46; *Jones* Complaint ¶¶ 95-96, 104-108. Both complaints assert causes of action of negligence, negligence *per se*, breach of implied contract, and unjust enrichment. *Navarro* Complaint ¶¶ 57-89; *Jones* Complaint ¶¶ 124-179. Each complaint also seeks similar relief, and though the complaint in *Jones* pleads an additional cause of action titled "Injunctive/Declaratory Relief," *see Jones* Complaint at 36, that request is similar to the demand for injunctive and declaratory relief in the *Navarro* complaint's Prayer for Relief. *Compare id.* ¶¶ 180-186 *and id.* at 38-39, *with Navarro* Complaint at 24.

Navarro initiated his action against Oscar Health, Inc. and Oscar Management Corp. on

2

April 7, 2026. *See Navarro*, Dkt. 1. Jones brought her suit against Oscar Health, Inc. on April 13, 2026. *See Jones*, Dkt. 1. On April 20, 2026, they jointly filed a letter moving to consolidate the two actions pursuant to Federal Rule of Civil Procedure 42(a), *Jones*, Dkt. 11 ("Motion") at 1-2, and to appoint Ben Barnow of Barnow and Associates, P.C. and Leanna Loginov of Shamis & Gentile, P.A. as interim co-lead counsel pursuant to Rule 23(g)(3), *id.* at 2-3. Both motions are unopposed. *See id.* at 1.

## II. Legal Standard

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate "actions before the court" if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Courts have "'broad discretion' to determine whether to consolidate actions." *Breakwater Trading LLC v. JPMorgan Chase & Co.*, No. 20 Civ. 3515 (PAE), 2020 WL 5992344, at *2 (S.D.N.Y. Oct. 9, 2020) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)). In determining whether to consolidate actions, courts may consider "judicial economy," which favors consolidation, but must ensure that consolidation will not jeopardize "a fair and impartial trial." *Johnson*, 899 F.2d at 1285.

Federal Rule of Civil Procedure 23(g)(3) allows a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Appointing "interim counsel 'clarifies responsibility for protecting the interests of the class during precertification activities.'" *Breakwater Trading*, 2020 WL 5992344, at *2 (quoting Manual for Complex Litigation (Fourth) § 21.11 (2004)). When appointing interim class counsel, "courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (citing *In re Air Cargo Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006)). These factors are:

> (i)   the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the class action;
>
> (iii)   counsel's knowledge of the applicable law; and
>
> (iv)   the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see In re Bank of Am. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.* ("*Bank of Am. Sec.*"), 258 F.R.D. 260, 272 (S.D.N.Y. 2009) (explaining that such additional matters "include (1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel" (citation modified)).

## III.  Discussion

Consolidation is appropriate because both actions involve common questions of law and fact. *See* Fed. R. Civ. P. 42(a). The complaints in *Navarro* and *Jones* both allege that Oscar breached duties that it owed Plaintiffs and putative class members by failing to protect their PII and PHI with adequate safeguards and by delaying notice of the Data Incident after discovering the breach on December 31, 2025. *See Navarro* Complaint ¶¶ 24, 57-89; *Jones* Complaint ¶¶ 21, 124-186. Both complaints also allege the same causes of action and seek largely the same relief. *Navarro* Complaint ¶¶ 57-89, at 23-24; *Jones* Complaint ¶¶ 124-186, at 38-39; *cf. Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) ("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation."). Under these circumstances, consolidation will promote judicial convenience and economy, while also avoiding unnecessary costs to the parties. *See Bank of Am.*

4

*Sec.*, 258 F.R.D. at 268.  The Court therefore grants Plaintiffs' unopposed motion to consolidate these actions pursuant to Rule 42(a).  *See* Motion at 1.

Appointing Mr. Barnow and Ms. Loginov as interim co-lead counsel is appropriate as well. Courts generally appoint interim class counsel when "there are multiple, overlapping class actions that require extensive pretrial coordination" and that may be—or have been—consolidated.  *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 (NRB), 2011 WL 5980198, at *2 (S.D.N.Y. Nov. 29, 2011); *see Sullivan v. Barclays PLC*, No. 13 Civ. 2811 (PKC), 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013) (collecting cases).  Both lawyers satisfy the requirements for interim appointment.  Starting with their work on this case, the detailed complaints filed by Mr. Barnow and Ms. Loginov reflect that both attorneys have conducted a thorough investigation into the alleged Data Incident and its effects on Plaintiffs and class members.  *See* Motion at 3; *see generally Navarro* Complaint; *Jones* Complaint.  Both attorneys also have experience in data privacy litigation, class actions, and complex litigation;[1] Mr. Barnow in particular has served as lead counsel in multiple data privacy class actions.  *See* Motion at 3 & n.1.  Mr. Barnow's and Ms. Loginov's preparation of detailed complaints in *Navarro* and *Jones*, combined with their experience in data privacy litigation, reflect strong knowledge of the applicable law.  Mr. Barnow and Ms. Loginov further represent that they and their respective firms "possess the resources and manpower required to vigorously prosecute this litigation."  *Id.* at 3.  The Court, at this moment,

---

[1] Mr. Barnow's profile on his law firm's website reports that he has represented parties in a range of litigation "[d]uring his over forty-year legal career," including "leadership positions in class cases located in state and federal court throughout the country, including many MDL proceedings," and has spoken extensively on matters concerning data breach litigations. https://www.barnowlaw.com/our-attorneys/ben-barnow/ (last visited June 2, 2026).  Ms. Loginov's law firm profile reflects that she is the Chair of her firm's Data Privacy Litigation Department, and "specializes in large consumer class actions involving complex insurance disputes, deceptive and unfair trade practices, and data privacy," with a "practice primarily focuse[d] on protecting individuals impacted by data breaches by ensuring their highly sensitive personal and health-related information is safeguarded."  https://www.shamisgentile.com/team/leanna-loginov-esq (last visited June 2, 2026).

has no reason to doubt that representation.  Accordingly, the Court appoints Mr. Barnow and Ms. Loginov interim co-lead counsel pursuant to Rule 23(g)(3).[2]

## IV.  Conclusion

For the foregoing reasons, the Court grants Plaintiffs' motions to consolidate *Navarro v. Oscar Health, Inc.* ("*Navarro*"), No. 26 Civ. 2861 (JPC) (S.D.N.Y.), and *Jones v. Oscar Health, Inc.* ("*Jones*"), No. 26 Civ. 3008 (JPC) (S.D.N.Y.).[3]  Future filings in *Navarro* and *Jones* shall be filed and docketed only under Case Number 26 Civ. 2861 (JPC).  The Clerk of Court is respectfully directed to change the caption of Case Number 26 Civ. 2861 (JPC) to "*In re Oscar Health, Inc. Data Breach Litigation*."  The Court also grants Plaintiffs' motion to appoint Ben Barnow of Barnow and Associates, P.C. and Leanna Loginov of Shamis & Gentile, P.A. as interim co-lead counsel.  The Clerk of Court is respectfully directed to close Docket Number 11 in *Navarro* and Docket Number 14 in *Jones*.

SO ORDERED.

Dated:  June 3, 2026
        New York, New York

_____
        JOHN P. CRONAN
        United States District Judge

---

[2] The Court also finds that, given the likelihood that complicated issues will need to be litigated in this consolidated case, as well as the potential for a sizable number of class members, appointment of two attorneys as interim lead co-counsel is appropriate.  *Cf. In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 (NRB), 2011 WL 5007957, at *3 (S.D.N.Y. Oct. 18, 2011) (noting that while "the functions of lead counsel may be divided among several attorneys, the number should not be so large as to defeat the purpose of making such appointments" (citation modified)).

[3] Consequently, Oscar's request to extend its deadline to respond to the *Jones* Complaint, *Jones* Dkt. 14, is denied as moot.